JAMES N. McHOUL *vs.* COMMONWEALTH. September 2, 1980. Assuming for purposes of decision, but without deciding, that the principles of evidentiary sufficiency announced in *Commonwealth* v. *Jarvis,* 2 Mass. App. Ct. 8 (1974), a proceeding for initial commitment of a person as a sexually dangerous person under G. L. c. 123A, § 6, are applicable in a proceeding under G. L. c. 123A, § 9, second par., for examination and discharge of a person previously so committed (see generally *Andrews, petitioner,* 368 Mass. 468, 485-491 [1975]), and conceding that the bare fact of the plaintiff's having pleaded guilty to charges arising at different times of breaking and entering with intent to commit rape and of assault with intent to rape would not meet the Jarvis standard for a finding of "compulsive behavior," we hold nevertheless that those guilty pleas supported a finding of "repetitive . . . behavior," which constituted an alternative basis, in conjunction with the other statutory elements, for a finding that the plaintiff was a "sexually dangerous person" within the meaning of G. L. c. 123A, § 1, as appearing in St. 1958, c. 646, § 1. See *Jarvis, supra,* at 10. The defendant in the *Jarvis* case was not shown to have been involved in sexual misconduct on more than a single occasion. The plaintiff's remaining arguments, both based on an alleged inconsistency between the finding of lack of "control" underlying his commitment and continued detention and the fact that he has been held criminally responsible in the past for sexual misconduct, overlook the fact that "lack [of] substantial capacity . . . to conform his conduct to the requirements of law," *Commonwealth* v. *McHoul,* 352 Mass. 544, 547 (1967), is only one of the elements which in combination (but not in isolation) negate criminal responsibility. They also overlook the fact that a proceeding under G. L. c. 123A, § 9, second par., is directed, in part, toward determining ability to control one's sexual impulses at the time of the § 9 hearing, not at the time (or times) of the earlier sexual misconduct. *Andrews, petitioner,* 368 Mass. at 485. *Commonwealth* v. *McHoul,* 372 Mass. 11, 13 (1977). *Commonwealth* v. *Travis,* 372 Mass. 238, 250 (1977).

*Judgment affirmed.*

*Patricia A. O'Neill* for the plaintiff.

*Matthew L. McGrath, III,* Legal Assistant to the District Attorney (*Michael J. Traft,* Assistant District Attorney, with him) for the Commonwealth.